

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

December 15, 1949

Hon. Jep S. Fuller                    Opinion No. V-970.
Criminal District Attorney
Jefferson County                      Re: The applicability of
Beaumont, Texas                           the "Secret Ballot Law"
                                          to paper ballots used
                                          for absentee voting in
                                          elections employing
                                          voting machines for
Dear Mr. Fuller:                          other balloting.

        Reference is made to your request of recent
date which reads in part as follows:

        "The Commissioners' Court of Jefferson
        County has, by order duly passed, adopted
        voting machines for use in elections in said
        county. However, the Court proposes to use
        paper ballots in such elections for the pur-
        poses of absentee voting. As a result, the
        following question has arisen of which we
        respectfully request the opinion of your of-
        fice:

        "Does the 'Secret Ballot Law' apply
        when paper ballots are used in absentee vot-
        ing in elections wherein voting machines are
        employed for other balloting?"

        Section 7, Article 2997a, Vernon's Civil Stat-
utes, provides in part:

        "In counties in which voting machines
        are adopted for use, the authority charged
        with holding an election shall within its
        discretion determine by proper resolution
        and/or order whether or not voting machines
        shall be used for the casting of absentee
        votes at such election . . . Should the
        authority charged with holding an election
        determine by such resolution as above pro-
        vided, that absentee votes cast at such
        election be cast by a paper ballot, then,

and in such event, the authority charged
with holding such election shall provide
a ballot for the casting of absentee votes
as prescribed and provided by the general
laws applicable to elections and to absen-
tee voting and those entitled under the
law shall cast their vote by such ballot
under the laws applicable to absentee vot-
ing, . . ."

We next call your attention to Sections 6 and
7 of House Bill 357, Acts 51st Legislature, 1949, Chap-
ter 329, page 615 (Secret Ballot Law) which read as fol-
lows:

"Section 6.  The appropriate provisions
of this Act shall also apply to absentee vot-
ing, in which case the person casting an ab-
sentee ballot shall not remove the detachable
stub from the ballot.  After the ballot has
been prepared by the elector, the elector
shall affix his signature on the reverse side
of the perforated stub and then shall cast
the ballot as now provided by law.

"Should the elector be unable to sign
his name, he shall place the ballot face
down so as not to expose the number of same
and shall sign on the back of the perforated
stub an 'X.'  The attesting officer shall
then write the elector's name on the back of
the stub.

"The absentee ballot shall then be de-
livered to the election judge in the proper
precinct as is now provided for in this title.

"Before the election judge deposits an
absentee ballot as elsewhere provided for in
this title, he shall detach from said ballot
the perforated stub and place it in the stub
box.  If the name of the elector does not ap-
pear on the reverse side of said perforated
stub the election judge shall write the name
of the elector on the back of said stub be-
fore depositing same in the stub box.

"Sec. 7.  The provisions of this Act
shall not apply to elections in which voting

machines are used as provided for elsewhere in this title."

There appears to be some conflict between the provisions of the above quoted statutes; however, as stated by the court, in the case of Wood v. State, 133 Tex. 110, 126 S.W.2d 4 (1939):

"It is the settled law that statutes should be construed so as to carry out the legislative intent, and when such intent is once ascertained, it should be given effect, even though the literal meaning of the words used therein is not followed. Also statutes should never be given a construction that leads to uncertainty, injustice or confusion if it is possible to construe them otherwise."

If we should construe Section 7 of House Bill 357 (Secret Ballot Law) to mean that the appropriate provisions of that Act have no application to paper ballots used for all absentee voting in elections employing voting machines for other balloting, then this would lead to confusion and uncertainty. It is definitely provided in Section 7 of Article 2997a (Voting Machine Law) that where paper ballots are used for casting all absentee votes that "the authority charged with holding such elections shall provide a ballot for the casting of absentee votes as prescribed and provided by the general laws applicable to elections and to absentee voting and those entitled under the law shall cast their vote by such ballot under the laws applicable to absentee voting." Moreover, the general laws applicable to absentee voting have been amended by the specific provisions of Section 6 of House Bill 357 (Secret Ballot Law) and the other appropriate provisions of that Act.

After a careful analysis of the foregoing statutes and the above authority, it is our opinion that the appropriate provisions of the "Secret Ballot Law" are applicable to absentee voting in elections where paper ballots are used for all absentee voting, and voting machines are employed for other balloting.

## SUMMARY

The appropriate provisions of the "Secret Ballot Law" are applicable to absentee voting in elections where paper ballots are

Hon. Jep S. Fuller, page 4   (V-970)


used for all absentee voting, and voting machines are employed for other balloting. Sec.6, H.B.357, Acts 51st Leg.,1949, ch. 329, p.615.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

JCD:bh:mw

By   *J. C. Davis, Jr.*

J. C. Davis, Jr.
Assistant


APPROVED

*Price Daniel*

ATTORNEY GENERAL